IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CV-433-FL

| | |
|---|---|
| LAMAR D. COX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CONDUENT, INC., ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's motion (DE 11) to compel arbitration and to dismiss, or in the alternative to stay proceedings, pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 3-4 ("FAA"), to which plaintiff has responded in opposition. Also before the court is plaintiff's request (DE 15) for issuance of subpoena, to which defendant has not responded. For the following reasons, the court sua sponte addresses subject matter jurisdiction over this matter, and remands for lack of subject matter jurisdiction. Accordingly, the court dismisses the pending motions.

**BACKGROUND**

Plaintiff, proceeding pro se, commenced this action on July 28, 2017, in Wake County Superior Court for the State of North Carolina against defendant, a former employer, asserting in a single page handwritten complaint claims based upon "offensive behavior," "hostile environment," "discrimination," "emotional disstress [sic]," and "retaliation due to ethic [sic] violations," leading to wrongful termination. (Complaint (DE 1-1) at 2). Plaintiff alleges that he requested to transfer from one training class to another to avoid what he asserts to be hostile, abusive, and threatening behavior from supervisors. (Id.). Plaintiff seeks damages for lost wages and "health issue." (Id.).

Defendant removed the action to this court on August 28, 2017, asserting subject matter jurisdiction pursuant to 28 U.S.C. § 1331, on the basis of federal question jurisdiction, "in that Plaintiff asserts employment discrimination and retaliation claims actionable under federal law." (Notice of Removal (DE 1) at 2). Defendant attached as an exhibit to the notice of removal plaintiff's state court complaint, as well as return of service, stating that "no other pleadings have been filed in the state court action." (Id.; see DE 1-1 and DE 1-2). Defendant also attached as a separate exhibit to its notice of removal a "charge of discrimination," signed by plaintiff on a form for presentation to the Equal Employment Opportunity Commission ("EEOC"), dated July 17, 2017. (Notice of Removal (DE 1) at 2; see DE 1-4).

Defendant filed the instant motion to compel arbitration on September 5, 2017, based upon its assertion that plaintiff's claims fall within the scope of a valid, binding, arbitration agreement executed by plaintiff upon commencement of his employment with defendant in April 2017. Defendant moves this court to dismiss, or in the alternative, to stay plaintiff's claims pending arbitration. Defendant also requests that it be awarded costs and attorneys' fees incurred in drafting and filing the motion to compel arbitration.

In support of instant motion to compel, defendant relies upon declaration of Esmeraldina G. Ramirez ("Ramirez"), Human Resources Manager for Conduent Business Services, LLC, which declaration describes and attaches various employment related documents pertaining to plaintiff, including a "Dispute Resolution Plan" ("DRP") applicable to plaintiff and defendant. (Ramirez Decl. (DE 12-2); DRP (DE 12-3)). Defendant also relies upon declaration of MaryJo Lovie Roberts, an attorney for defendant, which declaration describes defendant's efforts to inform plaintiff, prior to filing the instant motion to compel in this case, of his obligation to arbitrate his claims.

2

Plaintiff responded in opposition to defendant's motion on September 13, 2017, asserting that removal to this court was improper, and challenging the basis for proceeding to arbitration. Defendant replied on September 28, 2017, arguing that it is entitled to proceed to arbitration on the grounds asserted. In the meantime, on September 19, 2017, plaintiff filed the instant motion for the court to issue a subpoena to the EEOC, seeking to determine "prior violation[s] other than myself that EEOC charged Conduent with." (DE 15).

## DISCUSSION

A.  Subject Matter Jurisdiction

"[A] district court may remand a case sua sponte for lack of subject matter jurisdiction at any time." Doe v. Blair, 819 F.3d 64, 66–67 (4th Cir. 2016); see 28 U.S.C. § 1447(c). Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court." District courts have, in pertinent part, "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Accordingly, "federal courts [have] jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983).

A removing party has the burden to establish the existence of federal jurisdiction. Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148, 151 (4th Cir.1994). In addition, it is a "well-established principle that [the court is] obliged to construe removal jurisdiction strictly because of the significant federalism concerns implicated and that if federal jurisdiction is doubtful,

3

a remand to state court is necessary." Palisades Collections LLC v. Shorts, 552 F.3d 327, 333–34 (4th Cir. 2008) (internal quotations omitted).

"Under the longstanding well-pleaded complaint rule . . . a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (internal quotations omitted). "To sustain [federal question jurisdiction], the complaint must . . . contain allegations <u>affirmatively and distinctly</u> establishing federal grounds." Burgess v. Charlottesville Sav. & Loan Ass'n, 477 F.2d 40, 43 (4th Cir. 1973) (emphasis added); see Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 6 (2003) ("As a general rule . . . a case will not be removable if the complaint does not affirmatively allege a federal claim"). "A complaint purporting to rest on state law . . . can be recharacterized as one arising under federal law if the law governing the complaint is <u>exclusively federal</u>." Vaden, 556 U.S. at 61 (emphasis added).

In addition, the Federal Arbitration Act "bestows no federal jurisdiction but rather requires for access to a federal forum an independent jurisdictional basis over the parties' dispute." Id. at 59 (internal quotations omitted); see 9 U.S.C. § 4. Whether or not a plaintiff's state law claims are ultimately viable or subject to arbitration is not a matter for the court's consideration in determining federal jurisdiction. See id. Indeed, "[g]iven the substantive supremacy of the FAA, but the Act's nonjurisdictional cast, state courts have a prominent role to play as enforcers of agreements to arbitrate." Id.

Applying these principles here, the court lacks subject matter jurisdiction over this action. Critically, plaintiff "does not affirmatively allege a federal claim" in his complaint. Beneficial Nat. Bank, 539 U.S. at 6. "[P]laintiff is the 'master of the claim,' and he may 'avoid federal jurisdiction

4

by exclusive reliance on state law' in drafting his complaint." Pinney v. Nokia, Inc., 402 F.3d 430, 442 (4th Cir. 2005) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). Here, plaintiff does not mention Title VII or any other federal law in his complaint, and he does not assert a claim under the federal laws pertaining to employment discrimination.

It is not sufficient, as defendant suggests, that plaintiff is "seeking relief actionable under . . . Title VII," (Notice of Removal (DE 1) at 2) (emphasis added). "In ascertaining whether there is a real federal issue upon which the result depends, the Courts have observed the distinction . . . between disputes that are necessary and those that are merely possible." Burgess, 477 F.2d at 44; see Gully v. First Nat. Bank, 299 U.S. 109, 113 (1936) ("A genuine and present controversy, not merely a possible or conjectural one, must exist with reference [to federal law] . . . and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal."). Thus, defendant's suggestion in notice of removal that plaintiff's allegations are "actionable" under federal law is insufficient to establish federal question jurisdiction.

Nor is it sufficient to establish federal jurisdiction that plaintiff merely references the terms "discrimination," "hostile environment," and "retaliation," in his complaint, where an action involving such issues may arise under both state and federal law. While Title VII of the Civil Rights Act commonly is asserted by plaintiffs seeking to redress such issues, this is not an instance where "the law governing the complaint is exclusively federal." Vaden, 556 U.S. at 61. Indeed, the Supreme Court has observed "there is no . . . congressional intent to pre-empt state laws from the substantive provisions of Title VII," and limiting provisions of Title VII "provide a reliable indicium of congressional intent with respect to state authority to regulate employment practice." California Fed. Sav. & Loan Ass'n v. Guerra, 479 U.S. 272, 282 (1987) (emphasis added). "Instead of

5

pre-empting state fair employment laws, [Title VII] simply left them where they were before the enactment of title VII," and it "reflects the importance Congress attached to state antidiscrimination laws in achieving Title VII's goal of equal employment opportunity." Id.

North Carolina statutes and case law applying them have addressed issues of discrimination, retaliation, and hostile environment, in the workplace. See, e.g., N.C. Gen. Stat. § 143-422.2 (stating public policy to safeguard "employment without discrimination or abridgement on account of race, religion, color, national origin, age, sex or handicap") (emphasis added); N.C. Gen. Stat. Ann. § 95-241 (stating that "[n]o person shall discriminate or take any retaliatory action against an employee because the employee in good faith does or threatens to do" actions enumerated in statute) (emphasis added); McLean v. Patten Communities, Inc., 332 F.3d 714, 720 (4th Cir. 2003) (stating that N.C. Gen. Stat. § 143-422.2 "appl[ies] to common law wrongful discharge claims or in connection with other specific statutory remedies") (emphasis added); Anglin v. Progress Energy Serv. Co., 645 F. Supp. 2d 519, 528 (E.D.N.C. 2009) (noting that "the same evidentiary standards that apply to plaintiff's Title VII claim apply also to plaintiff's state law claim" "for wrongful termination in violation of North Carolina public policy"); Whitt v. Harris Teeter, Inc., 359 N.C. 625, 614 S.E.2d 531, 532 (2005) (addressing claims for "constructive termination" due to hostile work environment or retaliation).

Although North Carolina employment discrimination law may be more limited than federal law, it is not the role of this court at this juncture to opine on the wisdom of plaintiff's choice to rely exclusively on state law, or upon the likelihood of success of any of plaintiff's state law claims. It suffices for present analysis that plaintiff has not asserted a federal claim and the law governing the complaint is not exclusively federal. See Vaden, 556 U.S. at 61.

Finally, it is not sufficient for federal question jurisdiction that plaintiff executed an EEOC charge on July 17, 2017. Notably, plaintiff did not reference this charge in his complaint or include it with his complaint; rather, defendant raised the existence of the charge solely in its notice of removal. (See Notice of Removal (DE 1) at 2). As noted above, plaintiff may choose to exclude from his complaint reliance upon federal law or the EEOC charge, as he has done here, and this election is determinative to federal question jurisdiction. Caterpillar, 482 U.S. at 392; Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 810 n.6 (1986) ("[T]he party who brings a suit is master to decide what law he will rely upon"). Although the Supreme Court and the Fourth Circuit have not addressed the significance of execution of an EEOC charge to federal question jurisdiction, multiple district courts have addressed this issue consistently with the court's determination here.[1]

In sum, plaintiff does not assert a federal claim in his complaint, and federal law does not exclusively govern his claims. Accordingly, this court lacks subject matter jurisdiction over plaintiff's claims, and this matter must be remanded to the state court for further proceedings.

B.      Instant Motions

Because the court lacks subject matter jurisdiction over this action, the instant motions to compel arbitration and for issuance of subpoena must be DISMISSED. The court expresses no

---

[1] See, e.g., Pendergraph v. Crown Honda-Volvo, LLC, 104 F. Supp. 2d 586, 588 (M.D.N.C. 1999) ("Plaintiff's preliminary filing with the EEOC did not constitute a binding election to proceed with his federal claims."); Cooper v. Richland Cty. Recreation Comm'n, No. CV 3:16-1606-TLW-KDW, 2016 WL 8677179, at *4 (D.S.C. July 8, 2016) ("Plaintiff's filing an EEOC Charge in the same time-frame as he filed this litigation does not confer federal-question jurisdiction."); ECR Software Corp. v. Zaldivar, No. 5:12CV0039-RLV-DCK, 2013 WL 1742676, at *4 (W.D.N.C. Apr. 23, 2013) ("[M]ere mention of Defendant filing an EEOC claim does not, in and of itself, create federal jurisdiction."); Williamson v. Pay & Save, Inc., 205 F. Supp. 3d 863, 868 (W.D. Tex. 2015) ("Reading federal claims into Plaintiff's Petition because she filed a charge with the EEOC would have the effect of converting nearly every discrimination claim filed in [state court] into a question of federal law.") (internal quotations omitted).

opinion on the merits of the motion to compel arbitration, as the state court is well positioned to address the issues raised. See Vaden, 556 U.S. at 59.

## CONCLUSION

Based on the foregoing, the court REMANDS this action to the Superior Court of Wake County, North Carolina, pursuant to 28 U.S.C. § 1447(c). The pending motions in this action (DE 11, 15) are DISMISSED for lack of jurisdiction. The clerk is DIRECTED to mail a certified copy of this order of remand to the clerk of the state court.

SO ORDERED, this the 8th day of February, 2018.

LOUISE W. FLANAGAN
United States District Judge